UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN RACKEMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>LISNR, INC. *et al.*,<br><br>    Defendants. | Case No. 2:16-cv-01573-AJS<br><br><br>MEMORANDUM IN SUPPORT OF DEFENDANT LISNR, INC.'S MOTION TO DISMISS |

   Plaintiff Alan Rackemann's ("Plaintiff") Complaint purports to bring claims against, among others, LISNR, Inc. ("LISNR") under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.* (the "Wiretap Act"). The claims are fatally flawed for at least two reasons. First, despite inaccurate allegations to the contrary, LISNR is not subject to personal jurisdiction in Pennsylvania. Second, Plaintiff has not adequately pled that LISNR "intercepts" or "uses" oral communications as defined in the Wiretap Act.[1] LISNR, as a matter of law, cannot be liable under the Wiretap Act. The Complaint should be dismissed as against LISNR.

## THE ALLEGATIONS OF THE COMPLAINT

   While the well-pled allegations of the Complaint are to be taken as true for purposes of deciding a motion under Rule 12(b)(6), those allegations need not be accepted to the extent that they constitute merely conclusory statements or rest on implausible assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mineweaser v. Prudential Ins. Co. of Am.*, No. 16cv1172, 2016 U.S. Dist. LEXIS 137883, at *4 (W.D. Pa. Oct. 4, 2016) (Schwab, J.) (citing *Reuben v. U.S. Airways*,

---

[1] While facts outside of the Complaint are beyond the scope of a Rule 12(b)(6) motion, had plaintiff conducted even a minimally sufficient pre-suit investigation, he and counsel would have learned that the LISNR technology simply does not capture or record sounds in the frequencies on which human speech is carried, meaning that the technology does not and cannot "intercept" oral communications between human beings, a necessary element of a Wiretap Act claim. This failure has no excuse.

1

*Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012)). Moreover, for purposes of establishing personal jurisdiction, allegations contrary to actual facts of record need not be taken as true. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff's Complaint relates to a mobile application (the "App") that provides fans of the Indianapolis Colts, Inc. (the "Colts"), a professional football team, with "scores, news, and other information relevant to the" Colts. (Complaint ¶ 2.) The App may be downloaded from publically available "app stores" for use on a "smart" phone. (*See id.* ¶¶ 2, 22.) Plaintiff alleges that he downloaded and used the App. (*Id.* ¶ 31.) He alleges that the App sometimes activates the microphones on his and other users' cellular phones and then listens to and temporarily records oral communications picked up by the microphones. (*Id.* ¶¶ 4, 27–30, 33.)

Unhappy with this alleged feature of the App, Plaintiff has sued three defendants who are connected in different ways to the App: LISNR, Yinzcam, Inc. ("Yinzcam"), and the Indianapolis Colts, Inc. (the "Colts") (collectively "Defendants"). According to the Complaint, only one of these defendants, Yinzcam, is organized under the laws of Pennsylvania or has its principal place of business in Pennsylvania. (*Id.* at ¶¶ 7–9.) Plaintiff alleges that LISNR "is a corporation existing under the laws of Delaware, with its headquarters and principal place of business located at 920 Race Street, 4th Floor, Cincinnati, Ohio 45214." Plaintiff further alleges (once again incorrectly) that LISNR "conducts business throughout this District, the State of Pennsylvania, and the United States" (*id.* ¶ 7) and that "[t]his Court has personal jurisdiction over Defendant Lisnr because it conducts business in Pennsylvania and because the unlawful events giving rise to this lawsuit occurred, in part, in Pennsylvania" (*id.* ¶ 11).

Plaintiff alleges that Yinzcam developed the App for the Colts to "provide[] an interactive experience for [Colts] fans by delivering scores, news, and other information" to fans

2

through their cell phones. (*Id.* ¶¶ 1–2.) Thus, the "Colts and Yinzcam market the App as 'the official mobile app of the Indianapolis Colts.'" (*Id.* ¶ 22.) Notably absent from these allegations is any claim that LISNR either operates the App or in any way interacts with the end users. Rather, the allegations read correctly merely allege that technology developed by LISNR is incorporated into an App offered by the Colts and developed by Yinzcam.

Plaintiff alleges (again incorrectly) that the Colts partnered with LISNR "to integrate Lisnr's beacon technology" into the App in 2014.[2] (*Id.* ¶ 3.) "LISNR partners with entities like the Colts to place speakers throughout locations" and, according to Plaintiff, each speaker emits a unique audio beacon.[3] (*Id.* ¶ 20.) Once LISNR's technology was added to the App, the App "determines a consumer's precise location by secretly activating the consumer's smartphone's built-in microphone . . . and listening for nearby Lisnr audio beacons." (*Id.* ¶ 4.) The App activates users' microphones on certain dates and at certain times based on listening rules (i.e. computer code) issued by LISNR. (*Id.* ¶ 27.) According to the Complaint, however, the App does not just listen for audio beacons once users' microphones are activated. "[T]he App listens to and records *all* audio within range—including consumer conversations." (*Id.* ¶ 4.) "[I]f the App hears [an audio beacon] in its recordings, the App will automatically respond by, for instance, displaying banner advertisements [for the Colts] to the consumer or showing highlights or other information." (*Id.* ¶ 29.) "With the App, Lisnr's software allows *the Colts* to target

---

[2] Again, had plaintiff undertaken even a minimally adequate pre-suit inquiry, it would have learned that LISNR did not "partner" with the Colts until 2016. Indeed, the App in which the LISNR technology is integrated was not developed by Yinzcam but by another application developer. Plaintiff's – and counsel's – pattern of baseless allegations infects the entire Complaint.

[3] LISNR's technology does not, in fact, employ "audio beacons" or "audio beacon technology." It uses a data over audio, ultrasonic communication protocol.

3

specific consumers and send them tailored content, promotions, or advertisements based on their location." (*Id.* ¶ 3 (emphasis added).)

Based on these allegations, Plaintiff asserts two claims under the Wiretap Act on behalf of two putative classes. The first claim is asserted against LISNR on behalf of the putative "LISNR Class" (Complaint ¶¶ 43–51.) The second claim is asserted against all Defendants on behalf of the putative "Colts Class." (*Id.* ¶¶ 52–60.) Other than the differences noted here, the claims appear to be identically pled.

In pleading the first claim against LISNR, Plaintiff alleges, *inter alia*, that:

> 46. . . . Defendant Lisnr intercepted (by listening in and recording) Plaintiff's and the Lisnr Class's private conversations, including oral communications . . . .
>
> 47. . . . Plaintiff and the Lisnr Class had no reason to know or suspect that Defendant Lisnr would constantly and continuously record and analyze their conversations.
>
> 48. As detailed herein, Defendant Lisnr programmed applications with its audio beacon technology to listen to and record oral communications belonging to Plaintiff and members of the Class . . . and used the contents of those communications to its economic benefit, including for marketing purposes.

(Complaint ¶¶ 46–48.) The second Wiretap Act claim contains similar allegations but the supposed offender is all Defendants—and not just LISNR—and the putative victims are the "Colts Class." As detailed more fully below, these allegations fail to show that the Court has jurisdiction over LISNR and fail to state a plausible claim for relief against LISNR.

**STANDARDS FOR DECIDING THIS MOTION**

LISNR'S motion is based on two different standards for decision—one standard under Rule 12(b)(2) for lack of personal jurisdiction and another standard under Rule 12(b)(6) for failure to state a claim. The Complaint fails under each standard.

4

### A. Rule 12(b)(2) Standard

It is Plaintiff's obligation to establish that the Court may exercise personal jurisdiction over each Defendant. "'Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction.'" *S. Polymer, Inc. v. Master Extrusion, LLC*, No. 15cv1696, 2016 U.S. Dist. LEXIS 44189, at *7 (W.D. Pa. Mar. 30, 2016) (Schwab, J.) (quoting *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)). To carry this burden, the plaintiff must "'establish[] with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Petrucelli v. Rusin*, 642 F. App'x 108, 109 (3d Cir. 2016) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)); *accord Stubbs v. Collins*, No. 08cv1567, 2010 U.S. Dist. LEXIS 17984, at *3–4 (W.D. Pa. 2010) (Schwab, J.).

The Third Circuit has held that "'in reviewing a motion to dismiss under Rule 12(b)(2) [the court] must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *S. Polymer*, 2016 U.S. Dist. LEXIS 44189, at *7 (quoting *Pinker v. Roche Holdings*, 292 F.3d 361, 368 (3d Cir. 2002) (internal quotations omitted)). However, courts should not credit generalized or conclusory allegations. *See Roulhac v. Lawler*, No. 1:12-CV-311, 2013 U.S. Dist. LEXIS 77626, at *17–18 (M.D. Pa. May 2, 2013); *Voe v. Archdiocese of Milwaukee*, 700 F. Supp. 2d 653, 658–59 (D. Del. 2010) (finding conclusory allegations insufficient and, instead, crediting the defendants' declarations that contradicted the plaintiff's allegations); *see also Christian v. Fulton Fin. Corp.*, No. 10-789, 2010 U.S. Dist. LEXIS 88092, at *5 (E.D. Pa. Aug. 24, 2010) (deciding a motion to dismiss for improper venue and finding that conclusory allegations were insufficient to establish personal jurisdiction over the defendant).

Even if this were not the case, once a defendant has asserted lack of personal jurisdiction,

then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [T]herefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, *plaintiff must respond with actual proofs, not mere allegations.*

*Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (emphasis added and internal citation omitted); *accord S. Polymer*, 2016 U.S. Dist. LEXIS 44189, at *7–8. If the plaintiff comes forward with affidavits, the affidavits must do more than just parrot the allegations in the Complaint. *Time Share*, 735 F.2d at 66 ("Time Share had a burden of proof to sustain, and thus mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and without factual content do not end the inquiry.").

### B. Rule 12(b)(6) Standard

Rule 12(b)(6) requires both that a claim be based on factual allegations and that those allegations amount to a plausible cause of action. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), "the Court must view all of the allegations and facts in the . . . Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom." *Mineweaser v. Prudential Ins. Co. of Am.*, No. 16cv1172, 2016 U.S. Dist. LEXIS 137883, at *4 (W.D. Pa. Oct. 4, 2016) (Schwab, J.) (citing *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir.

6

2007)). Nevertheless, "the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Id.* (citing *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012)); *accord Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Courts in this Circuit use a three-step approach in deciding motions to dismiss for failure to state a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are not more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted). Employing this approach in the present case, Plaintiff has not stated a claim against LISNR upon which relief can be granted.

## ARGUMENT

### A. This Court Should Dismiss LISNR from the Case for Lack of Personal Jurisdiction.

Under Federal Rule of Civil Procedure 4(e), federal courts may exercise personal jurisdiction over a nonresident "to the extent allowed by the law of the forum state in which the federal court sits." *Stubbs*, 2010 U.S. Dist. LEXIS 17984, at *4; *accord Petrucelli*, 642 F. App'x at 109. Pennsylvania's long-arm statute allows courts to exercise personal jurisdiction over nonresidents "'to the fullest extent allowed under the Constitution of the United States' and 'based on the most minimum contact with this Commonwealth allowed under the Constitution.'" *Petrucelli*, 642 F. App'x at 109–10 (quoting 42 Pa. Cons. Stat. § 5322(b)). "Thus, the reach of the Pennsylvania statute is coextensive with the due process clause of the United States Constitution." *Time Share*, 735 F.2d at 63.

Minimum contacts are the essence of the propriety of exercising personal jurisdiction over a party. "'[I]n determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Heinrich v. Serv. Corp. Int'l*, No. 09cv0524, 2009 U.S. Dist. LEXIS 62832, at *4 (W.D. Pa. July 22, 2009) (Schwab, J.) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3d Cir. 2007) (internal quotation marks omitted)). There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. LISNR is not subject to either type of jurisdiction in Pennsylvania.

### 1. LISNR is not subject to specific jurisdiction.

"Specific jurisdiction . . . is present where the plaintiff's cause of action arises out of a defendant's forum-related activities." *Isaacs v. Ariz. Bd. of Regents*, 608 F. App'x 70, 74 (3d Cir. 2015). In this Circuit, courts employ a three-part test to determine specific jurisdiction:

> "First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice."

*Petrucelli*, 642 F. App'x at 109 (quoting *O'Connor*, 496 F.3d at 317); *accord S. Polymer*, 2016 U.S. Dist. LEXIS 445189, at *12 (quoting *D'Jamoos*, 566 F.3d at 102). Here, Plaintiff has not and cannot satisfied any of the three parts of this test.

In the Complaint, Plaintiff offers only conclusory allegations to show personal jurisdiction. He alleges that "Lisnr . . . conducts business in Pennsylvania and . . . the unlawful events giving rise to this lawsuit occurred, in part, in Pennsylvania." (Complaint ¶ 11; *see also id.* at ¶ 7.) Plaintiff provides no factual basis whatsoever regarding what business LISNR

supposedly conducts in Pennsylvania. He does not indicate what "unlawful events" supposedly happened in Pennsylvania, nor does he indicate whether LISNR—as opposed to the other defendants—was involved in the events that occurred in Pennsylvania. While Plaintiff alleges that Yinzcam is headquartered in Pennsylvania, Plaintiff has not even alleged any direct contact between Yinzcam and LISNR.[4]

The present case is thus like *Christian v. Fulton Financial Corp.*, 2010 U.S. Dist. LEXIS 88092, where the court refused to credit similar allegations:

> [T]he [plaintiffs] assert that [the defendant] transacts business in Pennsylvania. The [plaintiffs] do not allege any specific contacts between [the defendant] and Pennsylvania nor do they allege [the defendant] has had contact with alleged co-conspirators located in Pennsylvania. . . . [T]he [plaintiffs'] conclusory allegation regarding [the defendant's] transaction of business in Pennsylvania is insufficient to show [the defendant] has sufficient minimum contacts with Pennsylvania for this Court to exercise personal jurisdiction over [the defendant].

*Id.* at *5. The court then went on to find that the plaintiffs' "jurisdictional claim is clearly frivolous." *Id.* at *8. This result was dictated by the Third Circuit's determination in *Massachusetts School of Law at Andover v. American Bar Association*, that "a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous.'" 107 F.3d 1026, 1042 (3d Cir. 1997). This Court should similarly find in the present case that Plaintiff's allegations are conclusory and frivolous and, thus, are not entitled to an assumption of truth.

In the face of these bare allegations, LISNR has attached the Declaration of Rodney Williams ("Williams Declaration"). There, Mr. Williams testifies that:

- LISNR is not organized under the laws of Pennsylvania and is not registered to do business in Pennyslvania.

---

[4] The Court should again remember that Yinzcam did not develop the application into which the LISNR technology was incorporated, meaning that Yinzcam's contacts with Pennsylvania offer exactly no support for asserting jurisdiction over LISNR.

9

- LISNR has never had a mailing address or office in the Commonwealth of Pennsylvania.

- LISNR does not have any employees or agents in Pennsylvania.

- LISNR has never had a bank account in Pennsylvania or owned or possessed any property in Pennsylvania.

- LISNR has never contracted to supply goods or services in Pennsylvania; or derived any revenue from goods sold, used or consumed or services rendered in Pennsylvania.

Williams Declaration at ¶¶ 3–7. Further, "[w]ith regard to its work on the [App], LISNR has not had any contact with Pennsylvania," in part because "LISNR did not work with or collaborate with [Yinzcam] on the App." *Id.* at ¶¶ 8–10. While LISNR collaborated with Yinzcam on four discrete projects in the past, these projects led to almost no contact between LISNR and the Commonwealth of Pennsylvania. *Id.* at ¶ 11. This declaration establishes that LISNR does not have minimum contacts with Pennsylvania and that the present litigation does not arise out of LISNR's (practically nonexistent) activities in Pennsylvania. *See Voe*, 700 F. Supp. 2d at 658–59 (finding that conclusory allegations in Complaint were insufficient and, instead, crediting the defendants' declarations that contradicted the plaintiff's allegations).

Now that LISNR has submitted its declaration, Plaintiff cannot rest upon the allegations in his Complaint. *See Time Share*, 735 F.2d at 66 n.9. Plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *Petrucelli*, 642 F. App'x at 109 (internal quotation marks omitted). This Plaintiff cannot do.

### 2. LISNR is not subject to general jurisdiction in Pennsylvania.

Plaintiff likewise cannot satisfy the requirement for asserting general jurisdiction over LISNR. "General personal jurisdiction over a non-resident party requires a showing of 'systematic and continuous contact' with the forum state." *Stubbs*, 2010 U.S. Dist. LEXIS

17984, at *6 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "'[T]he threshold for establishing general jurisdiction is very high, and requires a showing of extensive and pervasive[] facts demonstrating connections with the forum state.'" *Id.* (quoting *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (internal quotation marks omitted)).

Plaintiff has not met this threshold. Plaintiff has not even *alleged* that LISNR has systematic and continuous contact with Pennsylvania. Plaintiff alleges only that LISNR conducts some undefined amount of business in Pennsylvania and that some undefined part of the supposedly "unlawful events" at issue in this case occurred in Pennsylvania. (Complaint at ¶¶ 7, 11.) Even if these conclusory allegations were entitled to some weight—which they are not—they are contradicted by the attached declaration. Therefore, in the absence of any actual evidence from Plaintiff to establish general jurisdiction, LISNR is not subject to general jurisdiction in this Court, and this Court should dismiss LISNR from this case.

### B. This Court Should Dismiss the Claims Plaintiff Has Asserted Against LISNR for Failure to State a Claim Upon Which Relief Can Be Granted.

LISNR cannot be liable under the Wiretap Act unless it (as opposed to another person or entity) takes an action prohibited by the statute. LISNR cannot be liable for the acts it did not commit. Because the Complaint fails to plausibly plead that LISNR itself violated the Wiretap Act, the Complaint fails to state a viable claim against LISNR.

Under the Wiretap Act, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). In each of his two claims, Plaintiff alleges violations of two

11

sections of the Wiretap Act—18 U.S.C. § 2511(1)(a) and § 2511(1)(d). (*See* Complaint ¶¶ 44, 53.) Under these sections, a person may be liable if he:

> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication through the use of any electronic, mechanical, or other device;
>
> . . .
>
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]

18 U.S.C. § 2511(1)(a), (d). To state a claim under 18 U.S.C. § 2511(1)(a), the plaintiff must adequately allege several elements, including that the defendant "'intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept'" an oral communication. *Cichocki v. Mass. Bay Cmty. Coll.*, No. 2012-10728-GAO, 2013 U.S. Dist. LEXIS 27953, at *19 (D. Mass. Jan. 14, 2013) (quoting *In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003)); *see also Shubert v. Metrophone, Inc.*, No. 89-1966, 1989 U.S. Dist. LEXIS 8097, at *7 (E.D. Pa. July 13, 1989) (granting a motion to dismiss where "[t]he plaintiff has not alleged in his complaint that *this* defendant improperly acquired the contents of his communications"). Similarly, under 18 U.S.C. § 2511(1)(d), the plaintiff must allege at least two elements, including that the defendant "used" the contents of an electronic communication. *Wesley Coll. v. Pitts*, 974 F. Supp. 375, 383 (D. Del. 1997). Plaintiff has not adequately pled that LISNR either "intercepted" or "used" any oral communications.

### 1. Plaintiff Has Not Adequately Pled that LISNR "Intercepted" Oral Communications.

Under the Wiretap Act, "intercept" "means the aural or other ***acquisition*** of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or

other device." 18 U.S.C. § 2510(4) (emphasis added). Courts give the statutory term "acquisition" its ordinary meaning—"the act of acquiring, or coming into possession of." *United States v. Smith*, 155 F.3d 1051, 1055 n.7 (9th Cir. 1998); *accord Kirch v. Embarq Mgmt. Co.*, No. 10-2047-JAR, 2011 U.S. Dist. LEXIS 92701, at *20 (D. Kan. Aug. 19, 2011), *aff'd*, 702 F.3d 1245 (10th Cir. 2012).

Plaintiff asserts the conclusory allegation that LISNR intercepted the communications of persons using the App (Complaint at ¶¶ 46, 55) and (without factual basis) that "Defendants are listening." (*Id.* at ¶¶ 28, 30.) These statements are belied by the facts alleged in the Complaint. In fact, Plaintiff pleads that the App—and not LISNR or any particular Defendant—sometimes activates the microphones on users' cellular phones and then listens to and temporarily records oral communications picked up by the microphones. (*Id.* ¶¶ 4, 27–30, 33.) There are no allegations from which one could reasonably infer that the contents of users' oral communications are ever transferred from the App—that is, from the users' phones—to any of the Defendants. Thus, Plaintiff has failed to plead that LISNR or any of the other Defendants ever "acquired" the contents of Plaintiff's oral communications.

Even if the Court determines that one or more Defendants intercepted communications through the App, the allegations in the Complaint still do not state a plausible claim for relief against LISNR. It is not plausible that LISNR—as opposed to Yinzcam or the Colts—intercepted oral communications from Plaintiff and the members of the putative classes. Again, the Complaint alleges that the App "listens to" and records oral communications. (*Id.* ¶¶ 4, 27–30, 33.) Plaintiff alleges (again, incorrectly) that the application containing LISNR technology was developed by Yinzcam, and it belongs to the Colts, who use it to market their football program. (*Id.* ¶¶ 2, 22.) LISNR merely provided a piece of technology—the computer code and

13

the audio technology—that others incorporated into the App and that interacts with the App. (*See id.* ¶¶ 3–4, 20, 27.) The Complaint repeatedly makes reference to "Lisnr's beacon technology," "Lisnr's software," and "Lisnr's audio beacons." (*See id.*) Technology cannot violate the Wiretap Act, nor can a party that merely supplies a tool used by another to intercept communications. *See In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1088 (N.D. Cal. 2015) ("Plaintiffs have failed to cite any case that would support the imposition of Wiretap Act liability on a party who merely provided a means through which a third party subsequently intercepts communications. To the contrary, authority has consistently rejected such a theory of liability."). Plaintiff has not plausibly pled that LISNR itself is a "person or entity . . . which engaged in . . . violation[s]" of the Wiretap Act by intercepting oral communications, and LISNR cannot be liable under the Wiretap Act. 18 U.S.C. § 2520(a).

### 2. Plaintiff Also Has Not Adequately Pled that LISNR "Used" Oral Communications.

The Wiretap Act also imposes liability where one "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that ***the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection***." 18 U.S.C. § 2511(1)(d) (emphasis added). A defendant may be liable under the Wiretap Act for "using" an oral communication, but only if the oral communication was previously "intercepted." Because Plaintiff has not adequately pled "interception," he also has not adequately pled "use" of an oral communication.

Even if this were not the case, Plaintiff has failed to provide non-conclusory allegations of any unlawful use. He alleges that LISNR "used the contents of those communications to its economic benefit, including for marketing purposes." (*Id.* ¶ 48; *see also id.* ¶ 57.) Plaintiff has not pled any facts regarding how LISNR supposedly uses "the contents of . . . communications"

made by Plaintiff and members of the putative classes to LISNR's economic benefit. The Complaint does not allege how LISNR uses the contents of these communications to market anything. At most, Plaintiff has alleged facts to suggest that the App uses recordings of audio beacons, but not <u>the contents</u> of any oral communications. Given how the audio beacon technology works, the contents of any oral communications would be unusable and unhelpful. If anything, they would distract from the recordings of audio beacons that the App allegedly relies upon. Because these allegations are not supported by facts in the Complaint, they are not entitled to an assumption of truth. Thus, Plaintiff has failed to adequately plead that LISNR either "intercepts" or "uses" oral communications and has thus failed to state a claim against LISNR under the Wiretap Act.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims against LISNR with prejudice.

Respectfully submitted,

 */s/ Stephanie M. Chmiel*
Stephanie M. Chmiel (PA 200543)
Thomas Feher (OH 0038575) (*pro hac vice* forthcoming)
Thomas F. Zych (OH 0019942) (*pro hac vice* forthcoming)
Jesse Jenike-Godshalk (OH 0087964) (*pro hac vice* forthcoming)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: 216-566-5605
Fax: 216-566-5800
Stephanie.Chmiel@ThompsonHine.com
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant LISNR, Inc.*

15

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 7, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                     */s/ Stephanie M. Chmiel*